IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMAX USA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MOTOOL TECHNOLOGY LLC, RAINIER ENGINEERING, LTD, AND TOP ONE TRADE, INC., <br><br> *Defendants*. | Civil Action No. 3:26-cv-533 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Demax USA Inc., ("Demax") files this Complaint against Defendants Motool Technology LLC, Rainier Engineering, Ltd., and Top One Trade, Inc. (collectively, "Defendants") and states as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

### PARTIES

2. Plaintiff Demax is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1250 Wattley Way, Ste. 200a, McKinney, TX 75069.

3. Defendant Motool Technology LLC is a limited liability company organized under the laws of the State of Ohio, with its principal place of business at 2465 FM 359 South Rd., Building B Suite E, Brookshire, TX 77423.

4.    Defendant Rainier Engineering, Ltd. is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 4050 W. Harmon Ave., #3 and #4, Las Vegas, NV 89103. Rainier does business in Texas and in the Northern District of Texas and has an office at 3452 S. Burleson Blvd, Alvarado, TX 76009 from which it imports and distributes the infringing products.

5.    Defendant Top One Trade, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 14787 Nelson Ave., City of Industry, CA 91744.

6.    Defendants make, use, sell, offer for sale, and/or import throughout the United States, including within this District, infringing products (such as Katool tire changers) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Northern District of Texas. Defendants purposefully direct the Accused Products into established distribution channels within this District and the U.S. nationally. For example, Defendants sell and offer to sell the Accused Products through their website, autool.us, which may be accessed throughout the United States, the State of Texas, and this District. Additionally, Rainier maintains at least one office within this judicial district at 3452 S. Burleson Blvd, Alvarado, TX 76009 from which it imports and/or offers to sell the infringing products.

7.    Upon information and belief, Defendants are an interconnected group of infringers under common ownership and/or control, offering for sale the same infringing products on multiple e-commerce storefronts. For example, Defendants' Amazon.com store fronts, Motool Technology (Amazon Store ID: A1NIHYQMZ7QLFE), Rainier Engineering, LTD (Amazon Store ID: AVNNJ72F9HJ7T), and TOP ONE TRADE (Amazon Store ID: AWD7JKYVVFUC0)

all list the same infringing products. Furthermore, as shown below, all three stores include identical email addresses and phone numbers for customer contact, and all three indicate that they have locations in at least Texas and California.



Source:

https://www.amazon.com/sp?ie=UTF8&seller=A1NIHYQMZ7QLFE&asin=B0CZRQ1LT3&ref_=dp_merchant_link



Source:

https://www.amazon.com/sp?ie=UTF8&seller=AVNNJ72F9HJ7T&asin=B0CFF3QVH8&ref_=dp_merchant_link



Source:

https://www.amazon.com/sp?ie=UTF8&seller=AWD7JKYVVFUC0&asin=B0D3TDWN5P&ref_=dp_merchant_link

8. As shown above, all three Amazon stores list the same email addresses (*i.e.*, Katoolusa@gmail.com/sales@autokato.com/freight@autokato.com) and contact phone number (888-636-1918).

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*.

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants because Defendants have committed acts within the Northern District of Texas giving rise to this action and/or have established minimum contacts with the Northern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. For example, Defendants have offered the Accused Products for sale within this judicial district. Additionally, Defendants have one or more locations in the forum state and at least one location in this judicial

district at 3452 S. Burleson Blvd., Alvarado, Texas 76009. On information and belief, Defendants have imported the Accused Products into the State of Texas and this judicial district to their location in Alvarado, Texas.

12. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendants maintain at least one office within this judicial district at 3452 S. Burleson Blvd, Alvarado, TX 76009 from which they import and/or offer to sell the infringing products.

13. Joinder is proper pursuant to 35 U.S.C. § 299 as Defendants are an interrelated group of infringers under common ownership or control and which all sell the same Accused Products. Furthermore, Defendants have each provided the same information on their respective Amazon.com store fronts indicating common ownership and control such as selling the same identical Accused Products, utilizing the same product images and descriptions, and providing identical customer contact information such as email addresses and phone numbers. As such, Plaintiff's right to relief is asserted jointly and severally against Defendants, or in the alternative arises from the same transaction, occurrence, or series of transactions or occurrences through the making, using, selling, offering to sell, and/or importing the Accused Products. For the same reasons, common questions of fact exist as to all Defendants.

## THE ASSERTED PATENT

14. On September 10, 2013, U.S. Patent Number 8,528,620 (the "'620 Patent"), entitled "Swing Arm Style Tire Changer," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '620 Patent is attached as Exhibit A to this Complaint.

15. The '620 Patent issued from PCT No. PCT/CN2008/070125, which claims priority to China Patent Application No. 2007 2 0077204 U, filed December 25, 2007.

16. The '620 Patent claims patent-eligible subject matter and is valid and enforceable.

17. Demax is the exclusive licensee to the '620 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '620 Patent.

## THE ACCUSED PRODUCTS

18. Defendants make, use, sell, offer for sale, and/or import into the United States swing arm style tire changers, e.g., the KATOOL KT-T830, M&E ME-T530z, that infringe at least claims 1, 2, 3, 4, 5, 7, 9, and 12 of the '620 Patent (the "Accused Products").

## CLAIM I: INFRINGEMENT OF THE '620 PATENT

19. Demax hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants directly and/or through their subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe claims 1, 2, 3, 4, 5, 7, 9, and 12 of the '620 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, offering to sell, and/or importing the Accused Products into the United States.

21. Attached hereto as Exhibit B is a chart showing how the Accused Products infringe each element of each asserted claim of the '620 Patent.

22. Therefore, Defendants are liable for infringement of the '620 Patent and their infringement has been and continues to be willful in nature.

23. Plaintiff Demax has incurred and will continue to incur substantial damages, including monetary damages.

24. Plaintiff Demax has been and continues to be irreparably harmed by Defendants' infringement of the '620 Patent.

25. Therefore, Plaintiff Demax is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Demax requests that a judgment be entered in favor of Demax and against Defendants, and that Demax be granted the following relief:

(i) A finding that Defendants have directly infringed one or more claims of the '620 Patent, either literally and/or under the doctrine of equivalents;

(ii) An award of damages sufficient to compensate Demax for Defendants' infringement of the '620 Patent pursuant to 35 U.S.C. § 284;

(iii) An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(iv) A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

(v) Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vi) An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285;

(vii) An order enjoining Defendants, their officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patent for its remaining life; and

(viii) Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: February 18, 2026

Respectfully submitted,

By: */s/ Stevenson Moore*
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*